The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 – Phone
(212) 490-6070 - Fax

1599 Post Road East
Westport, CT 06880
(203) 256-8600 – Phone
(203) 255-5700 - Phone
(203) 256-8615 – Fax
(203) 255-5702 - Fax





USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/20/2020

April 1, 2020

**VIA EMAIL**

Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *SK Shipping Co., Ltd. and SK B&T Pte. Ltd. v. NuStar Energy Servs., Inc., et al.* (15-cv-2141)

Dear Judge Caproni:

      We write on behalf of SK Shipping Co. Ltd. and SK B&T Pte Ltd. ("Plaintiffs"), with the consent of all parties in the above-captioned proceeding. On March 9, 2020, the parties concluded a confidential settlement agreement, including as to the form of the accompanying enclosed Stipulation and Proposed Order for Discharge and Dismissal with Prejudice (the "Stipulation"). Pursuant to Your Honor's Individual Practices in Civil Cases, Plaintiffs move for leave to (1) seal the highlighted portions of the enclosed stipulation and (2) to seal the docket entries reflecting the amount of the withdrawals from the Court's registry, during the pendency of the other cases related before this Court. Taking these limited steps is appropriate in light of Second Circuit case law because the redactions are narrowly tailored, the public interest in release of such material is negligible, and even if any presumption applied, such interest is outweighed by the interests outlined in more detail below.

**I.   The Information to be Sealed Does Not Constitute a "Judicial Document" Under *Lugosch* and a Presumption of Public Access Should Not Apply**

      In order to be designated a judicial document, merely filing a document with the court is insufficient to render that paper a judicial document – instead "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Plaintiffs' application does not seek to seal in its entirety any judicial

document, but only to redact the highlighted information within the Stipulation, and to seal the related docket entries reflecting the amounts of the withdrawals from the Court's registry (which is also set forth in the Stipulation). Unlike the documents in *Lugosch* that the Court relied on in making its summary judgment determination, the information sought to be sealed here is not itself subject to Court approval. *See Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006) (finding that documents used in moving for or opposing summary judgment should not remain under seal absent compelling reasons). Here, by contrast, the information sought to be sealed here is similar to that referred to in *Perez v. Jupada Enters.*, where the parties' "settlement documents were not filed with the court and were not the basis for the court's adjudication" of the enclosed Stipulation. *See Perez*, No. 10 Civ. 3118, 2012 U.S. Dist. LEXIS 103783, at *13 (S.D.N.Y. July 25, 2012) (granting sealing application with respect to redactions of letters that referred to terms of confidential settlement agreement) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004)). Accordingly, the presumption of public access should not apply under these circumstances to the material sought to be sealed.

## II. If Any Presumption of Public Access Applies, It Is Weak With Respect to the Redactions, Which are Narrowly Tailored, and Competing Concerns Outweigh Any Interest in Public Disclosure

Even if such a presumption applied, however, Plaintiffs' request is narrowly tailored, and seeks only to redact that portion of the Stipulation relating to the terms of the confidential settlement agreement and the amount of funds on deposit to be remitted from the Court's registry. As relevant here, the Second Circuit has found that passing references to the amount of a confidential settlement has at most an attenuated connection to the interests sought to be preserved by the presumption of public access to judicial documents. *See Gambale*, 377 F.3d at 143 (2d Cir. 2004) (finding that, where a passing reference to the amount of a confidential settlement on the record was made, such information should have been maintained as confidential; and "the presumption, such as it was, was a weak one under these circumstances").

Even if any presumption of public access were to apply, redacting only those portions of the Stipulation pertaining to the confidential terms of the parties' settlement agreement is a solution narrowly tailored to serve the parties' interest in maintaining the confidentiality of their settlement, and outweighs any presumption that might apply. *See Sellick v. Consol. Edison Co. of N.Y., Inc.*, No. 15-cv-9082 (RJS), 2017 U.S. Dist. LEXIS 43554, at *25 (S.D.N.Y. Mar. 23, 2017) ("[T]he parties' interest in maintaining the confidentiality of their settlement is clearly a countervailing interest that may overcome the presumption in favor of open records where, as here, 'the settlement itself was conditioned on confidentiality' … The Court finds that Plaintiff's limited redaction requests of details related to her contemplated confidential settlement are 'narrowly tailored to serve' the parties' interest in maintaining the confidentiality of their settlement.").

Second, the disclosure of non-public, commercially sensitive information may well create unexpected transaction costs and inefficiencies among the parties, disrupting the expectation of confidentiality covering those issues. *See Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming district court order of narrowly-tailored redaction of financial data that would subject disclosing party to "financial harm" and "competitive disadvantage"). In *Standard Inv. Chartered*, the Second Circuit affirmed the National Association of Securities Dealers' ("NASD") analogous request to redact financial data, where "an outsider with knowledge

. . . could, upon viewing the facts and figures in NASD's records, use that information to deduce NASD's negotiation tactics" which could pose competitive disadvantage to NASD. *Id.* (internal quotations and citations omitted). The redacted portions of the Stipulation contain commercially sensitive information that could potentially prejudice negotiations in numerous ongoing related cases in which the same issues may arise.[1] Redacting the suggested portions of the Stipulation, and sealing the docket entry reflecting the amount of the related withdrawal from the Court's registry, at least during the pendency of these related cases, is a narrowly tailored step that properly balances any presumption of public access under the First Amendment with the countervailing commercial interests of the parties, and their expectations in the confidentiality of their settlement agreement.

In sum, Plaintiffs respectfully request that the Court grant their application to seal (1) the highlighted portions of the enclosed Stipulation, and (2) the docket entries reflecting the amounts of the withdrawals from the Court's registry. We stand ready to address any questions the Court may have as to this application and thank the Court for its consideration.

Respectfully submitted,

Lennon, Murphy & Phillips, LLC

By *[signature]*

Keith W. Heard

Enclosure

Cc:  Bruce G. Paulsen (paulsen@sewkis.com)
     Brian. P. Maloney (maloney@sewkis.com)
     Keith P. Letourneau (kletourneau@blankrome.com)

---

Application GRANTED.

SO ORDERED.          Date: 04/20/2020

*[signature: Valerie Caproni]*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

[1] For example, we understand that ING Bank N.V. ("ING") remains a party to eleven O.W. Bunker-related cases pending before this Court, as well as a number of interpleader and arrest actions pending before other district courts in the Second and Fifth Circuits.